**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Levi Tappan, | No. CV-24-08075-PCT-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Banner Health, et al., | |
| Defendants. | |

At issue is Defendant Banner Health's motion for summary judgment. (Doc. 17.) A motion for summary judgment is properly granted when there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court previously issued to Plaintiff, who is self-represented, a Notice of Pending Summary Judgment Motion, which advised Plaintiff of his deadline to respond, the page limit and other requirements for his response brief, and that "[f]ailure to file a response may result in the Court deeming all material facts undisputed." (Doc. 18.) Plaintiff did not file a response to the motion and the time to respond has long since passed. The Court therefore deems Defendant's recitation of material facts to be undisputed and analyzes whether Defendant is entitled to judgment under that undisputed account of the facts.

This case is straightforward. Plaintiff formerly worked for Defendant as an ultrasound technician. He accuses Defendant of engaging in religious-based discrimination

and retaliation by terminating his employment after he refused to comply with a COVID-19 vaccination requirement, all in violation of Title VII of the Civil Rights Act of 1964. But, to bring a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing an administrative charge with the EEOC or corresponding state agency within either 180 days after the alleged unlawful employment action occurred, or 300 days if the employee initially filed a charge with a state agency that has the power to grant the same type of relief. 42 U.S.C. § 2000e–5(e)(1). Plaintiff did not do so here.

Defendant denied Plaintiff's religious exemption request for the COVID-19 vaccination on September 21, 2021. Defendant terminated Plaintiff's employment based on his failure to comply with the vaccination requirement on December 1, 2021. And Defendant refused to rehire Plaintiff on August 15, 2023, over 300 days ago. There is no evidence that Plaintiff timely filed an administrative charge with the EEOC or its state agency counterpart regarding any of these alleged adverse employment actions. Instead, Plaintiff skipped straight to filing this lawsuit (originally in state court) in November 2023. Because Plaintiff failed to exhaust his administrative remedies, his allegations of discrimination and retaliation are not actionable.

**IT IS ORDERED** that Defendant's unopposed motion for summary judgment (Doc. 17) is **GRANTED**. The Clerk shall enter judgment accordingly and terminate this case.

Dated this 30th day of September, 2024.

Douglas L. Rayes
Senior United States District Judge